UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KATHY D. PATTON,**

    **Plaintiff,**

v.                                                                                      Case No.: 8:16-cv-1365-T-27AAS

**NANCY A. BERRYHILL, acting
Commissioner of Social Security,**[1]

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Section 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the undersigned recommends that the Commissioner's decision be **AFFIRMED** for the reasons set forth herein.

**I.    PROCEDURAL HISTORY**

Plaintiff filed a Title II application for a period of disability and DIB and a Title XVI application for SSI on September 19, 2014, alleging disability beginning March 1, 2014. (Tr. 20). Plaintiff's application was denied initially and on reconsideration. (Tr. 20). At her request,

---

[1] Between the filing of this suit and the entry of this Order, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner. As such, Berryhill is "automatically substituted as a party." Fed. R. Civ. P. 25(d).

Plaintiff received a hearing before an ALJ on January 12, 2016. (Tr. 20, 37). On February 5, 2016, the ALJ issued an opinion finding Plaintiff was not disabled. (Tr. 20-32). The Appeals Council denied Plaintiff's request for review (Tr. 1-6), rendering the decision of the ALJ final. 20 C.F.R. §§ 404.981, 416.1481. Plaintiff timely filed her Complaint in this Court for review of the Commissioner's decision. (Doc. 1).

## II.  NATURE OF DISABILITY CLAIM

### A.  Statement of the Case

Plaintiff was fifty-two years old on the alleged disability onset date. (Tr. 31). Plaintiff has at least a high school education and has past relevant work in accounts payable. (Tr. 31, 66). Plaintiff alleges disability based, among other things, on depression, anxiety, panic attacks, migraines, back pain, osteoarthritis, fibromyalgia, carpel tunnel syndrome, and chronic fatigue syndrome. (Tr. 280).

### B.  Summary of the ALJ's Decision

The ALJ concluded that Plaintiff met the insured status requirements through June 30, 2019, and determined that Plaintiff had not engaged in substantial gainful activity since March 1, 2014, the alleged onset date. (Tr. 22). The ALJ determined that Plaintiff had the following severe impairments: idiopathic polyneuropathy involving the right foot, left shoulder supraspinatus capsulitis with tendinopathy from an impingement, questionable chronic fatigue syndrome without specific tender points, chronic obstructive pulmonary disease (COPD), chronic pain syndrome, depression, anxiety/posttraumatic stress disorder (PTSD), and panic disorder without agoraphobia. (Tr. 22-23). Notwithstanding those severe impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). (Tr. 23).

The ALJ then concluded that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work . . . except that [Plaintiff] can frequently climb, balance, stoop, kneel, crouch, and crawl; can only occasionally climb ladders, scaffolds, and ropes; can never climb at open, unprotected heights; must avoid extreme industrial vibrations; can frequently, but no[t] constantly, use the left foot controls; can frequently perform fine and gross manipulations with the upper extremity; can frequently reach with the left upper extremity; must avoid concentrated exposure to industrial dust, smoke, gases, fumes, and work in poorly ventilated areas; and is limited to understanding and carrying out simple, routine, repetitive procedures and tasks with the remaining ability to make basic decisions and to adjust to simple changes in the work setting.

(Tr. 25).

Based on testimony from a vocational expert ("VE") the ALJ determined that Plaintiff was capable of performing jobs available in significant numbers in the national economy, such as advertising material distributor and ticket seller. (Tr. 31-32, 67-68). Accordingly, the ALJ found Plaintiff was not disabled. (Tr. 32).

### III. ANALYSIS

#### A. The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen,* 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *Richardson v. Perales,* 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater,* 67

F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales,* 402 U.S. 389, 401 (1971)).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart,* 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (citation and internal quotation marks omitted). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord Lowery v. Sullivan,* 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant does not have any impairment or combination of impairments that significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings" or "Appendix 1"), she is disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

B.     **Issues on Appeal**

Plaintiff contends that the ALJ: (1) erred in evaluating the medical opinions of record; and (2) erred in evaluating Plaintiff's subjective symptoms.[2]

1.     **Medical Opinion Evidence**

Plaintiff contends that the ALJ erred in giving little weight to the opinion of Jay B. Azneer, M.D., one of Plaintiff's treating physicians, and in giving significant weight to the opinion of Lionel Henry, M.D., a state agency reviewing, non-examining physician.

In evaluating the medical opinions of record, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Winschel*, 631 F.3d at 1178-79.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. *Phillips*, 357 F.3d at 1240. Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. *Id.* at 1240-41; *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). An ALJ may properly discount the opinion of a treating physician if the opinion is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's own medical records. *Phillips*, 357 F.3d at 1240-41; *Lewis*, 125 F.3d at 1440. In addition, the opinion of an examining physician is generally entitled to more weight than the

---

[2] The undersigned will consider the issues according to the order of the sequential review process—rather than in the order presented by Plaintiff.

5

opinion of a non-examining physician. *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (citation omitted). The ALJ is not required to give controlling weight to the opinion of a non-examining, reviewing physician. *See generally* 20 C.F.R. §§ 404.1502, 404.1527(c), (e), 416.902, 416.927(c), (e).

### a.   Dr. Azneer, Treating Physician

On October 13, 2014, a medical source with an illegible signature opined that Plaintiff had chronic pain, radiculopathy, decreased grip strength, and decreased ability to perform gross manipulation. (Tr. 28, 330). The source also opined that Plaintiff had two out of five grip strength and one out of five lower extremity strength, and was incapable of performing fine or gross manipulation on a sustained basis because her "grip strength decreases over time with use." (Tr. 330, 28). On the same day, a medical source with an illegible signature opined that Plaintiff had a brittle mood, could not tolerate any stress, was oriented to person, place, and time, and had intact immediate and recent memory, but had poor concentration and "difficult" remote memory. (Tr. 331-32). Plaintiff had a poor attitude, was angry and depressed, and reported that she had suicidal ideations. (*Id.*). The source also opined that Plaintiff had "no emotional resources to deal with the stress of holding a job." (Tr. 333).

The ALJ gave little weight to both opinions, explaining that "because this opinion's signature is illegible, and since there is no indication that the author was an acceptable medical source, its probative value is minimal." (Tr. 28, 29). As to the opinion regarding Plaintiff's physical functional abilities, the ALJ explained that the opinion "barely addresses the claimant's functional abilities, but merely finds that she is unable to sustain fine and gross manipulation." (Tr. 28). Further, the ALJ determined that the opinion overstated Plaintiff's limitations when viewed in conjunction with the overall medical record. (*Id.*).

Regarding the opinion on Plaintiff's mental functional abilities, the ALJ explained that the opinion was conclusory, not supported by the abnormalities noted in the statement itself, and not supported by the medical evidence of record. (Tr. 29). The ALJ further noted that the medical source statement "merely indicates that some difficulties in concentration and memory would require accommodation," which the ALJ provided for by limiting Plaintiff to simple, routine, and repetitive tasks. (Tr. 29, 25).

Plaintiff challenges that the ALJ had a duty to investigate the signature on the October 13, 2014 opinions and points out that the attorney's brief noted both opinions were from Dr. Azneer. Plaintiff also explains that, after the hearing (at which the ALJ did not mention any concerns about the signatures being illegible) and issuance of the ALJ's opinion, Plaintiff obtained statements from Dr. Azneer's office and from Dr. Azneer himself indicating that the signatures at issue were Dr. Azneer's signatures. (Tr. 603-08). Plaintiff filed the signature verifications with the Appeals Council. (Tr. 4).

While a claimant has the burden of proving that she is disabled, 20 C.F.R. §§ 404.1512(a), 416.912(a), an ALJ has a basic duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). "In examining whether the ALJ fully developed the record, we look to see if the record contains evidentiary gaps that resulted in unfairness or clear prejudice." *Colon v. Colvin*, 660 F. App'x 867, 870 (M.D. Fla. 2016). Where evidence is insufficient (i.e., the evidence "does not contain all the information [the Commissioner] need[s] to make [a] determination or decision"), the ALJ may recontact the medical source. 20 C.F.R. §§ 404.1520b(b), 416.920b(b).

In this case, the ALJ was not required to further investigate the illegible signatures. Although the signatures, and therefore the opinions at issue, were subsequently identified as

7

belonging to Dr. Azneer, one of Plaintiff's treating physicians, the ALJ's opinion demonstrated that he had enough information to render a decision, and the ALJ's decision to give little weight to Dr. Azneer's opinions was otherwise supported by substantial evidence.

Plaintiff argues that the ALJ's finding that Dr. Azneer's medical source statement "barely addresses the claimant's functional abilities," is erroneous because Dr. Azneer did address Plaintiff's functional abilities and because Dr. Azneer simply used the form sent to him on behalf of the Social Security Administration.  However, this argument is unavailing.  As the Commissioner contends, the ALJ did not reject the form itself, but merely gave little weight to the meager information provided on the form by Dr. Azneer.  Aside from stating Plaintiff's diagnoses of degenerative arthritis and degenerative disc disease of the lumbar spine, Dr. Azneer's opinion consisted merely of one sentence,[3] boxes checked identifying symptoms, and options circled to indicate grip and lower extremity strength. (Tr. 330-31).  The form specifically requests, after providing symptoms to mark, that the physician "explain any positive responses above and provide examples." (Tr. 330).  Dr. Azneer left the space provided for explanation and examples blank. (*Id.*).  Given this circumstance, the undersigned finds no error in the ALJ's determination that the medical source statement was deficient. *See e.g.*, *Hall v. Comm'r of Soc. Sec.*, No. 6:16-cv-735-Orl-40TBS, 2017 WL 912121, at *4 (M.D. Fla. Feb. 13, 2017) ("'Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best.'"(quoting *Mason v. Shalala*, 994 F.2d 1058, 1065 (3rd Cir. 1993)).

---

[3] "Pt. grip strength decreases over time with use." (Tr. 330).

Further, as the ALJ explained, the physical limitations assessed by Dr. Azneer were not consistent with the overall medical record. (Tr. 28). Although Plaintiff argues that the ALJ did not detail findings demonstrating that the limitations assessed by Dr. Azneer were overstated, the ALJ's opinion contains a thorough review of the record. Relevant to Dr. Azneer's assessment that Plaintiff was incapable of performing fine or gross manipulation on a sustained basis, the ALJ noted that Plaintiff was previously diagnosed with idiopathic polyneuropathy and that, in April 2014, Plaintiff developed left shoulder pain. (Tr. 26, 337, 342). In June 2014, Lisa Flaherty, D.O., noted Plaintiff's left shoulder pain and ordered an MRI. (Tr. 340). At the same visit, Dr. Flaherty's physical examination revealed decreased sensation in Plaintiff's lower extremities and decreased range of motion in Plaintiff's shoulder, but Plaintiff exhibited normal gait and no tremors. (Tr. 27, 340-41). In addition, Plaintiff's Babinski signs were negative and she had normal cranial nerves and intact reflexes. (Tr. 27, 340).

Subsequently, the MRI of Plaintiff's left shoulder confirmed adhesive capsulitis with impingement and cuff tendinopathy, and physical examination in October 2014 revealed decreased range of motion in Plaintiff's left shoulder. However, an MRI of Plaintiff's cervical spine showed only mild disc bulging and no significant abnormalities. Anthony S. Albert, M.D., treated Plaintiff with injections, recommended a stretching regimen, and prescribed physical therapy. (Tr. 26-27, 335-36).

In November 2014, Dr. Azneer noted that Plaintiff had tenderness and limited range of motion throughout her thorax along with right lateral leg numbness and diagnosed Plaintiff with, among other things, chronic obstructive pulmonary disease ("COPD"), low back pain, backache, and chronic pain disorder. (Tr. 348-49). However, Plaintiff also denied weakness, dizziness, and

9

headaches, had normal motor strength and tone with no edema, and had intact cranial nerves and reflexes. (Tr. 27, 348).

In January 2015, Plaintiff began treatment at Professional Healthcare of Pinellas. (Tr. 27, 397). While Plaintiff reported occasional fatigue, she also reported that, "in general[,] all chronic problems [were] stable and under control with medication." (Tr. 27, 397). Further, upon physical examination, Plaintiff demonstrated improvement—she had normal sensation and normal range of motion in all joints. (Tr. 27, 397). Plaintiff also continued to demonstrate normal strength and intact cranial nerves and had no tenderness, muscle spasm, deformity, clubbing, or cyanosis. (Tr. 27, 397). Physicians noted similar findings in February and March 2015. (Tr. 27, 391-95).

The ALJ also found Dr. Azneer's opinion regarding Plaintiff's mental functional abilities unsupported by the evidence of record. (Tr. 29). As noted above, Dr. Azneer found Plaintiff had poor concentration, "difficult" remote memory, a poor attitude, and "no emotional resources to deal with the stress of holding a job," was angry and depressed, and reported that she had suicidal ideations. (Tr. 29, 331-33). However, the record reflects that in July 2014, despite being depressed and anxious, Plaintiff had organized thought processes, fair eye contact, normal speech, appropriate motor activity, and intact attention, memory, orientation, concentration, insight, and judgment. (Tr. 28, 549). Plaintiff's thought content was also negative for distortions, obsessions, delusions, phobias, and suicidal or homicidal ideations. (Tr. 28, 549).

Similarly, in August 2014, Plaintiff was cooperative, had organized and coherent thoughts and speech, appropriate affect, and normal motor activity, judgment, orientation, and memory. (Tr. 28, 552-53). Other than Plaintiff's Baker Act admission for one day in March 2015 for cannabis

use and alcohol-induced depressive disorder (Tr. 28, 495), these findings were consistent through April 2015. (Tr. 28, 491, 507, 516, 521).[4]

While Plaintiff argues that there are objective findings in support of Dr. Azneer's opinions regarding Plaintiff's physical and mental limitations, "[t]he question before this Court is not whether an alternative determination may be supported by the record, but whether the decision reached was supported by substantial evidence." *Langer v. Berryhill*, No. 16-377-N, 2017 WL 140330, at *4 (S.D. Ala. Apr. 19, 2017) (citing *Ingram*, 496 F.3d at 1260). Here, the ALJ sufficiently detailed substantial evidence in support of his determination to give little weight to Dr. Azneer's opinions, and remand is not required.

        b.  Dr. Henry, State Agency Reviewing, Non-Examining Physician

On December 3, 2014, after reviewing Plaintiff's file, Dr. Henry opined that Plaintiff could occasionally lift and/or carry twenty pounds, frequently lift and/or carry ten pounds, stand and/or walk about six hours in an eight-hour workday, and sit (with normal breaks) for about six hours in an eight-hour workday. (Tr. 27, 116). He also opined that Plaintiff could frequently climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, and could occasionally climb ladders, ropes, or scaffolds. (Tr. 27, 116-17). Further, he opined that Plaintiff could frequently perform fine and gross manipulations bilaterally and could frequently reach over head with her left arm. (Tr. 27, 117). The ALJ gave Dr. Henry's opinion significant weight, but included further limitations in Plaintiff's RFC with respect to Plaintiff's left foot, work environments involving hazards and vibrations, and pulmonary irritants. (Tr. 27-28).

---

[4] The ALJ stated that Plaintiff continued therapy through the remainder of 2015, but few mental status findings were reported. (Tr. 28).

Plaintiff challenges, in a two-sentence argument, that the ALJ could not give significant weight to the opinion of a non-examining state agency physician. However, the ALJ is entitled to rely on a non-examining physician's opinion when it is consistent with the medical record and the treating and examining physicians' underlying clinical findings. *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 742-43 (11th Cir. 2011). As detailed above, the ALJ thoroughly reviewed the record and detailed numerous findings demonstrating that, although Plaintiff reported tenderness and fatigue, Plaintiff had normal strength and tone, had intact cranial nerves and reflexes, and demonstrated improvement to a normal range of motion and sensation. Therefore, the ALJ did not err in finding Dr. Henry's opinion consistent with the medical record, and remand is not required on this issue.

### 2. **Credibility**

Plaintiff additionally contends that the ALJ erred in evaluating Plaintiff's subjective complaints of back pain and in considering an apparent inconsistency regarding the timing of Plaintiff's alleged disability onset date.

In the Eleventh Circuit, the Commissioner evaluates a claimant's testimony about subjective complaints, such as pain or other subjective symptoms, according to a three-part "pain standard." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A plaintiff must first demonstrate objective medical evidence of an underlying medical condition, and then demonstrate that either the objective medical evidence substantiates the severity of the pain from the condition, or the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. *Id.* at 1561. If the ALJ does not credit a claimant's

testimony regarding subjective complaints, the ALJ must "articulate explicit and adequate reasons for doing so." *Id.* at 1561-62.

The ALJ determined that Plaintiff's objective medical evidence demonstrated the presence of underlying medical conditions, particularly idiopathic polyneuropathy involving the right foot, left shoulder supraspinatus capsulitis with tendinopathy from an impingement, questionable chronic fatigue syndrome without specific tender points, chronic obstructive pulmonary disease (COPD), chronic pain syndrome, depression, anxiety/posttraumatic stress disorder (PTSD), and panic disorder without agoraphobia—all of which the ALJ considered severe impairments. (Tr. 22-23). However, the ALJ determined that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. (Tr. 26).

In making this determination, the ALJ explained Plaintiff reported that she stopped working on March 1, 2014, but also reported that her symptoms became severe enough to prevent her from working on January 1, 2014. (Tr. 26, 248-49). The ALJ further noted that Plaintiff reported stopping work in part because of reasons other than her medical conditions. (Tr. 26).

Plaintiff argues that "there is no claim whatsoever that she stopped work in January or March 2014 because of any reason other than medical reasons." (Doc. 22 at 28). Plaintiff also explains that her hearing testimony suggested that she was fired from her job in January 2013 due to her psychological problems; she then moved to Brooksville where she assisted friends who owned a bar and additionally worked for Paul Clark Enterprises for several months. (Tr. 46-47). Plaintiff contends that the earnings amounted to less than substantial gainful activity and that she worked only part time. Finally, Plaintiff argues that, to the extent the ALJ found any inconsistency, the ALJ was required to investigate it more fully as part of his duty to develop a full and fair record.

13

However, Plaintiff's disability report specifically states that she stopped work due to her conditions and "[b]ecause of other reasons"—specifically, she "had to move." (Tr. 26, 249). The inconsistency between this statement and any other statement about how long she worked, whether such work was full or part time, and why she stopped working is relevant to the ALJ's evaluation of Plaintiff's credibility and of her subjective complaints. Therefore, it was not error for the ALJ to consider it as part of his determination regarding Plaintiff's credibility and subjective complaints.

Further, the ALJ's thorough review of the record demonstrates that the record contained enough information for the ALJ to render a decision regarding Plaintiff's allegations of disability. *See* 20 C.F.R. §§ 404.1520b(1), 416.920b(1) ("If any of the evidence in [the claimant's] case record, including any medical opinion(s) and prior administrative medical findings, is inconsistent, [the Commissioner] will consider the relevant evidence and see if [the Commissioner] can determine whether [the claimant is] disabled based on the evidence [available].").

Additionally, Plaintiff contends the ALJ should have credited her allegations that she was unable to work due to her back pain. In support, Plaintiff points to a 2012 diagnosis by Dr. Flaherty of idiopathic progressive polyneuropathy and Dr. Flaherty's concurrent finding that Plaintiff had decreased sensation and abnormal reflexes. (Tr. 342). Plaintiff also points to findings noted by Dr. Azneer in June 2013 of musculoskeletal malalignment, tenderness, and limited range of motion throughout Plaintiff's thorax and to Dr. Azneer's October 13, 2014 medical source statement, in which Dr. Azneer noted Plaintiff had the following symptoms: decreased grip strength, decreased ability to perform gross manipulation, radiculopathy, and loss of lower extremity strength. (Tr. 358-59, 605).

However, as previously explained, the ALJ thoroughly described findings in the record subsequent to those identified by Plaintiff showing that Plaintiff had improved—she demonstrated normal sensation and normal range of motion in all joints, normal strength and intact cranial nerves, and no tenderness, muscle spasm, deformity, clubbing, or cyanosis. (Tr. 27, 391-95, 397). In October 2014, Dr. Albert noted that an MRI of Plaintiff's cervical spine showed only very mild disc bulging and no significant abnormalities. (Tr. 27, 335). And Plaintiff herself reported in 2015 that her chronic problems were stable and under control with medication. (Tr. 27, 397). Moreover, as explained above, the ALJ's decision to give little weight to Dr. Azneer's opinions is supported by substantial evidence.

The Court cannot reweigh the evidence as long as substantial evidence supports the ALJ's conclusions, as in this case. *Phillips,* 357 F.3d at 1240 (11th Cir. 2004). As the ALJ articulated reasons for not fully crediting Plaintiff's allegations and as substantial evidence supports the ALJ's credibility determination, remand is not required. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) ("The question is not . . . whether [the] ALJ could have reasonably credited [claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." ).

## IV.   CONCLUSION

For these reasons, the decision of the Commissioner is supported by substantial evidence and does not contain reversible error. The undersigned, therefore, recommends that the decision should be affirmed.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)   the decision of the Commissioner be **AFFIRMED** and the case **DISMISSED**, with each party to bear its own costs and expenses; and

(2)    the Clerk of Court enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

Date: June 12, 2017

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  *See* 28 U.S.C. § 636(b)(1).


Copies to:
Counsel of Record
District Judge

16