UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KATHY D. PATTON,

    Plaintiff,

v.                                                                                Case No. 8:16-cv-1365-T-27AAS

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's First Amended Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 (Dkt. 31), Defendant's Response in Opposition (Dkt. 32), and Plaintiff's Reply (Dkt. 35). Upon consideration, Plaintiff's motion (Dkt. 31) is **GRANTED.**

Plaintiff seeks an award of attorney's fees of $3,527.28 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 *et seq.*, which permits an award of fees against the United States if the party seeking the award is the prevailing party, the application is timely filed, the government's position was not "substantially justified," and there are no "special circumstances" making such an award unjust. *Myers v. Sullivan*, 916 F.2d 659, 666-67 (11th Cir. 1990) (citing 28 U.S.C. § 2412(d)(1)(A), (B)). A plaintiff who obtains remand in a social security case is a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

The Court reversed and remanded Defendant's decision, and judgment was entered in favor of Plaintiff and against Defendant pursuant to 42 U.S.C. § 405(g). (Dkts. 26, 27). Plaintiff, therefore, is the prevailing party. *Shalala*, 509 U.S. at 300-01. Her motion for an award of attorneys' fees is

timely because she filed the motion within thirty days of the judgment becoming final and not appealable. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G). Her counsel claims 18.40 hours of time for services in this case at the 2016 EAJA rate of $191.70. (Affidavit, Dkt. 31-1). Defendant does not dispute that Plaintiff is the prevailing party, the motion for an award of attorney's fees is timely, or the amount of fees sought is reasonable, but rather argues that Plaintiff is not entitled to an award of fees because Defendant's position was substantially justified. (Dkt. 32 at p. 2).

"'The government bears the burden of showing that its position was substantially justified.'" *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997) (quoting *City of Brunswick, Ga. v. United States*, 849 F.2d 501, 504 (11th Cir. 1988)). "The government's position is substantially justified under the EAJA when it is 'justified to a degree that would satisfy a reasonable person'—i.e. when it has a reasonable basis in both law and fact." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "[T]he EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990). Accordingly:

> An examination of whether the government's position was substantially justified encompasses an evaluation of *both* the agency's prelitigation conduct and the subsequent litigation positions . . . . Under this inquiry, it is not sufficient for the government to show that some of its earlier positions or arguments were valid. Unless the government can establish that *all* of its positions were substantially justified, the claimant is entitled to receive attorney's fees.

*Myers*, 916 F.2d at 666 n.5; *see also City of Brunswick, Ga.*, 849 F.2d at 504-06 (reviewing the government's position at the administrative level and at litigation).

Because the EAJA constitutes a partial waiver of sovereign immunity, the waiver must be strictly construed in favor of the United States. *Douglas*, 55 F.3d at 588 (citing *Ardestani v. INS*, 502

U.S. 129, 137 (1991)). "The fact that the government lost its case does not raise a presumption that the government's position was not substantially justified." *White v. United States*, 740 F.2d 836, 839 (11th Cir. 1984). "Nor is the government required to establish that its decision to litigate was based on a substantial probability of prevailing." *Id.*

Plaintiff argues that Defendant's position was not substantially justified because the Administrative Law Judge ("ALJ") failed to clearly articulate reasons for rejecting the opinion of Plaintiff's treating physician, Dr. Jay Azneer, D.O., of M.D. D.O. Associates. (Dkt. 31). The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) ("[A]bsent 'good cause,' the opinion of a claimant's treating physician must be accorded 'substantial' weight."). "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). "With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Winschel v. Commissioner of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips*, 357 F.3d at 1240-41).

Dr. Azneer was Plaintiff's primary care physician from 2011 to 2014. (Treatment Records, Dkt. 13-9 at pp. 346-89). Dr. Azneer completed two Social Security Administration Questionnaires, in which he stated his opinions regarding Plaintiff's physical and mental condition. (Dkt. 13-9 at pp. 329-33). For example, Dr. Azneer checked a space indicating that Plaintiff was not capable of performing fine/gross manipulations on a sustained basis, explained that Plaintiff's "grip strength

3

decreases over time with use," and wrote that "she has no emotional resources to deal with the stress" of holding a job. (*Id.*). Plaintiff's counsel provided a written summary of the case that relied on those questionnaires to the ALJ in advance of her disability hearing. (Dkt. 13-8 at pp. 318-20). The summary provided to the ALJ states, "I believe both statements are from Dr. Azneer." (*Id.*). Further, the questionnaire forms indicate that they were sent to M.D. D.O. Associates, where Dr. Azneer practices medicine. (Dkt. 13-9 at pp. 329-33).

However, because the signatures on the questionnaire forms are illegible and Dr. Azneer did not print his name anywhere in his responses, the ALJ determined that he could not identify the source of the statements, "there is no indication that the author was an acceptable medical source," and afforded little weight to the statements on those grounds. (Decision, Dkt. 13-2 at pp. 28-29). The ALJ also addressed the content of the questionnaire responses:

> Moreover, the statement barely addresses the claimant's functional abilities, but merely finds that she is unable to sustain fine and gross manipulation. Based on the overall medical record and the clinical signs noted above, the undersigned finds that this opinion overstates the claimant's limitations. Therefore, it has been afforded little weight.
> . . . .
> To conclude, the statements [sic] issues a blanket opinion that the claimant was incapable of handling the stress associated with any job, and therefore, was completely unable to work. However, this opinion is conclusory in nature and is not even supported by the mental status abnormalities noted in the statement itself. Rather, the statement merely indicates that some difficulties in concentration and memory would require accommodation. Notably, the undersigned has done so in the residual functional capacity statement by limiting the claimant to simple, routine, repetitive tasks. Otherwise, this statement's opinion is unsupported by the medical evidence of record. Accordingly, the undersigned afforded it little weight.

(*Id.*). After the ALJ's decision, Plaintiff provided evidence to the Appeals Council confirming that Dr. Azneer wrote the questionnaire responses. (Dkt. 13-13 at pp. 603-08); (Dkt. 13-14 at pp. 609-16). Notwithstanding, the Appeals Council denied Plaintiff's request for review of the ALJ's

4

decision. (Dkt. 13-2 at pp. 1-6).[1]

Defendant's prelitigation position was not substantially justified. The ALJ afforded little weight to Dr. Azneer's opinions primarily because he could not determine, from the record before him, the identity of the person who completed the questionnaire. *See* (Decision, Dkt. 13-2 at p. 28) ("However, because this opinion's signature is illegible, and since there is no indication that the author was an acceptable medical source, its probative value is minimal."). "[T]he ALJ has a duty to develop the record fully and fairly." *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (per curiam) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422-23 (11th Cir. 1997)). "This is an onerous task, as the ALJ must 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Commissioner of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (internal quotation marks omitted)). "Remand for further factual development of the record before the ALJ is appropriate where 'the record reveals evidentiary gaps which result in unfairness or clear prejudice.'" *Id.* (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam) (inernal quotation marks omitted)).

The ALJ's rejection of Dr. Azneer's opinions for the primary reason of the illegibility of the signatures was not substantially justified because the ALJ did not probe into, inquire of, or explore for the facts relating to the source of the questionnaire responses. *See Henry*, 802 F.3d at 1267. The

---

[1] Defendant argues that Plaintiff waived the right to argue that the Appeals Council erred in denying her request for review of the ALJ's decision. (Dkt. 32 at p. 5 n.3). That argument is unpersuasive. Plaintiff addressed the Appeals Council's denial of review, even after she provided proof of Dr. Azneer's signature, in the Joint Memorandum submitted to the Magistrate Judge. (Dkt. 22 at p. 18). The Eleventh Circuit Court of Appeals has stated that "[o]ur jurisdiction encompasses not only those issues that a party 'expressly referred to' but also those 'impliedly intended for appeal.'" *Henry v. Commissioner of Soc. Sec.*, 802 F.3d 1264, 1269 (11th Cir. 2015) (quoting *Whetstone Candy Co. v. Kraft Foods, Inc.*, 351 F.3d 1067, 1080 (11th Cir. 2003) (internal quotation marks omitted)).

identity of the person who completed the questionnaires is relevant because the opinions of treating physicians are entitled to considerable weight absent good cause to the contrary. *Lewis*, 125 F.3d at 1440. And Plaintiff's counsel provided a summary to the ALJ stating that the questionnaire responses "are from Dr. Azneer." (Dkt. 13-8 at pp. 318-320). The ALJ's decision to afford little weight to the questionnaire responses without determining the identity of the person who completed them, therefore, was not substantially justified. *See Henry*, 802 F.3d at 1267 (holding that the government's duty to fully and fairly develop the record is an "onerous" task that requires further factual development when there is an evidentiary gap). Further, the Appeals Council's denial of Plaintiff's request to review the ALJ's decision was not substantially justified because Plaintiff demonstrated to the Appeals Council that the ALJ's decision was not based on a fully and fairly developed record and, therefore, lacked a reasonable basis in fact. *See Douglas*, 55 F.3d at 558; *see also Henry*, 802 F.3d at 1270 ("The underdeveloped record presents evidentiary gaps that make assessment of [the claimant's] . . . limitations unfair and clearly prejudicial.").[2]

---

[2] Defendant argues that the ALJ did not have a duty to further investigate the illegible signature because there was sufficient evidence in the record for the ALJ to determine whether Plaintiff was disabled, notwithstanding the ambiguity in the record with respect to the source of the questionnaire responses. (Dkt. 32) (citing *Wilson*, 179 F.3d at 1278). The Eleventh Circuit Court of Appeals in *Wilson* held that an ALJ is not "obligated to seek independent, additional expert medical testimony before concluding [the claimant's] impairment was not severe" where "the record, which included the opinions of several physicians . . . who treated [the claimant], was sufficient for a decision and additional expert testimony was unnecessary." 179 F.3d at 1278.

The situation in *Wilson* differs from the one in this case, where the ALJ found that the record was insufficient to allow him to determine the identity of the person who completed the questionnaire, but nonetheless did not probe into, inquire of, or explore for facts that would eliminate the evidentiary gap. *See Henry*, 802 F.3d at 1270. Therefore, while the ALJ in the *Wilson* case satisfied the burden of developing a full and fair record, the ALJ in this case did not. *Compare Wilson*, 179 F.3d at 1278 ("[T]he record . . . was sufficient for a decision[.]"), *with Henry*, 802 F.3d at 1267 ("[F]urther factual development of the record before the ALJ is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice." (internal quotation marks omitted)).

Notwithstanding the ALJ's decision to afford little weight to the questionnaire responses because he could not determine their source, Defendant argues that the ALJ "explicitly identified" several reasons for affording little weight to the substance of the responses. (Dkt. 32). That argument is unpersuasive. As shown by the relevant excerpts from the ALJ's decision reproduced in this Order, the ALJ determined, without explanation, that Dr. Azneer's opinions were conclusory, contradicted the findings in the questionnaire responses, were not supported by the medical record and clinical signs, and overstated Plaintiff's limitations. (Dkt. 13-2 at 28-29). Contrary to the ALJ's statements, Dr. Azneer's findings in the questionnaire responses are not clearly inconsistent with his opinions. *See* (Dkt. at pp. 329-33). The ALJ also did not cite any specific examples where Plaintiff's medical record contradicted Dr. Azneer's opinions. *See (id.)*. And, as noted in the Order reversing Defendant's decision, there is evidence in Plaintiff's medical record consistent with Dr. Azneer's opinions that the ALJ did not address.[3] This is not a case where the ALJ's decision pointed to specific portions of the medical record or evidence of the claimant's daily activities that contradicted a treating physician's opinion. *See* (Response, Dkt. 32) (citing *Forrester v. Commissioner of Soc. Sec.*, 455 F. App'x 899, 902 (11th Cir. 2012)). Accordingly, the ALJ's decision was not substantially justified for the additional reason that the failure to clearly articulate reasons for affording little weight to Dr. Azneer's opinions shows that the decision lacks a reasonable basis in law. *See*

---

[3] For example, Dr. Azneer's treatment records for October and November 2014, which fall within the same time frame as his questionnaire responses, indicate that Plaintiff's panic disorder had become severe and that her "ability to cope has decreased markedly-she is at the limit of her endurance just to be in the office with me." (Dkt. 13-9 at pp. 348-49, 352-53). And Plaintiff's treatment records from Dr. Aaron Brooks and others at the Suncoast Center for Community Mental Health indicate that she had difficulty leaving the house, interacting with others, and performing simple tasks such as going to the grocery store. (Dkt. 13-11 at pp. 442-49; Dkt. 13-10 at p. 405). After one incident, she was admitted to a hospital under the Baker Act from March 12 to March 13, 2015. (Dkt. 13-10 at pp. 419, 423). The ALJ did not specifically address that evidence in explaining why he afforded little weight to the questionnaire responses, nor did he point to specific examples from her medical record that contradicted Dr. Azneer's opinions in the questionnaire responses. *See* (Decision, Dkt. 13-2 at pp. 28-29).

*Douglas*, 55 F.3d at 588.

Because the EAJA requires that Defendant's position be substantially justified at both the prelitigation and litigation stage, and because Defendant has failed to meet its burden of establishing that the ALJ's prelitigation position was substantially justified, Plaintiff is entitled to an award of attorneys' fees under the EAJA. *See Myers*, 916 F.3d at 666 n.5; *City of Brunswick*, 849 F.2d at 504. Accordingly, there is no need to separately determine whether Defendant's defense of the ALJ's decision during litigation was substantially justified. *Myers*, 916 F.3d at 666 n.5.[4]

Plaintiff's First Amended Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412 (Dkt. 31) is **GRANTED**. Pursuant to 28 U.S.C. § 2412(d), Plaintiff is awarded, and Defendant is directed to pay to Plaintiff $3,527.28 in EAJA fees for 18.40 hours of work at a rate of $191.70, both of which are reasonable.

**DONE AND ORDERED** this 18th day of December, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

---

[4] Defendant argues that the fact that the Magistrate Judge recommended that Defendant's decision be affirmed demonstrates that the position with respect to Dr. Azneer was substantially justified. (Dkt. 32 at p. 7) (citing *Gray v. Commissioner of Soc. Sec.*, 23 F. App'x 436, 437 (6th Cir. 2001)). However, *Gray*, the case Defendant cites, involved only an error of law. *See* 23 F. App'x at 437. This case also involves an error of fact. The identity of the person who completed the questionnaire responses is relevant because the opinions of treating physicians are entitled to substantial weight unless good cause is shown to the contrary. *Lewis*, 125 F.3d at 1440. The ALJ's rejection of Dr. Azneer's opinions based on his inability to determine the identity of the person providing the questionnaire responses, therefore, lacks a reasonable basis in fact because the ALJ had a duty to "probe into, inquire of, and explore for all relevant facts" that would have revealed the source of the opinions. *See Henry*, 802 F.3d at 1267 (internal quotation marks omitted). Accordingly, Defendant has failed to meet her burden of establishing that her prelitigation position was substantially justified, notwithstanding the Magistrate Judge's recommendation that Defendant's decision be affirmed.